O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01219 AHM (MANx) | Date | February 20, 2009 |
|---|---|---|---|
| Title | BIX INDUSTRIES v. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**         IN CHAMBERS (No Proceedings Held)

On February 19, 2009, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") removed this action on the basis of diversity jurisdiction. State Farm failed to allege, however, the state of which Plaintiff, a corporation, is a citizen.

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996). Under 28 U.S.C. § 1441, any action brought in state court over which federal courts would have original jurisdiction may be removed by the defendant or defendants to the appropriate district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction either where an action arises under federal law or where the amount in controversy is greater than $75,000 (exclusive of interest and costs) and where there is complete diversity of citizenship between the parties. 28 U.S.C. §§ 1331, 1332(a). The removal statute is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party invoking the statute – here, Defendant. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Jurisdiction is assessed as of the time of removal. *Ghaderi v. United Airlines*, 136 F.Supp.2d 1041 (N.D. Cal. 2001).

For purposes of diversity jurisdiction, a corporation is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

State Farm states in its Notice of Removal that it is a citizen of Illinois because it is incorporated in Illinois and its principal place of business is in that state. State Farm failed to assert, however, that Plaintiff, a corporation, is a citizen of a state other than

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01219 AHM (MANx) | Date | February 20, 2009 |
|---|---|---|---|
| Title | BIX INDUSTRIES v. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. | | |

Illinois.  State Farm just cites the Complaint, which alleges that "Plaintiff is a corporation, qualified and authorized to do business in California, with its principal place of business located . . . [in] California."  Compl. ¶ 1.  Those allegations do not establish Plaintiff's citizenship because they do not allege Plaintiff's state of incorporation.

Accordingly, Defendant is ORDERED TO SHOW CAUSE in writing by not later than **March 4, 2009** why this action should not be remanded for lack of removal jurisdiction.  Failure to respond on or before that date will be construed as consent to remand.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |