O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01219 AHM (MANx) | Date | March 19, 2009 |
|---|---|---|---|
| Title | BIX INDUSTRIES v. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:       Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

On February 19, 2009, Defendant State Farm Mutual Automobile Insurance Co. ("State Farm") removed this action from Los Angeles County Superior Court to this Court. On March 3, 2009, Plaintiff filed a request for this Court to consider the sufficiency of Defendant's allegation in its Notice of Removal that the amount in controversy exceeds $75,000. For the reasons stated below, the Court finds that Defendant has met its burden and this Court has jurisdiction over this action.

## I.     LEGAL STANDARDS

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). The removal statute is "strictly construe[d] . . . against removal jurisdiction," and the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

As a threshold inquiry, an action may be removed only if the federal court could have exercised original jurisdiction — that is, the action could have been filed in federal court. *See Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir. 1996). A federal court has original jurisdiction over a civil matter "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

Where the complaint on its face does not allege damages in excess of $75,000, it is a defendant's burden to show that the claim meets the jurisdictional minimum. *Gaus,*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01219 AHM (MANx) | Date | March 19, 2009 |
|---|---|---|---|
| Title | BIX INDUSTRIES v. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. | | |

980 F.2d at 567.  This burden is not met by mere conclusory allegations; the defendant must prove existence of the jurisdictional amount by a preponderance of the evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  To meet that burden, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount.  *Id.*

**II.    ANALYSIS**

Plaintiff's Complaint alleges that pursuant to an automobile insurance policy that Defendant issued to Plaintiff, Defendant wrongfully refuses to compensate it for the theft of Plaintiff's car.  The Complaint's first claim alleges that

> As a direct and proximate result of defendant's breach of contract, plaintiff has suffered and incurred damages in a sum according to proof, but in no event not less than $58,000, together with interest thereon . . . . attorneys fees and costs . . . and . . . consequential damages which are not yet ascertained.

Compl. ¶¶ 15-17.  The Complaint's second claim, for breach of the covenant of good faith and fair dealing, also seeks "damages in a sum according to proof, but in no event less than $58,000," and consequential damages, and further alleges that

> Defendant's conduct in conducting a biased investigation of plaintiff's claim and in failing to pay the claim . . . was willful and malicious . . . such as to constitute malice, oppression or fraud under California Civil Code section 3294, thereby warranting the assessment of exemplary and punitive damages against defendant in an amount appropriate to punish defendant or set an example.

Compl. ¶¶ 21-24.  Finally, the prayer for relief seeks

> damages in a sum according to proof, but in no event not less than $58,000, representing the total amount of benefits due under the Policy . . . consequential damages . . . in an amount according to proof . . . *exemplary and punitive damages in an amount appropriate to punish defendant and set an example for others* . . . attorney's fees . . . such other and further relief as the court may deem proper.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01219 AHM (MANx) | Date | March 19, 2009 |
|---|---|---|---|
| Title | BIX INDUSTRIES v. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. | | |

Compl., Prayer for Relief (emphasis added).

Defendant attached to its Notice of Removal a declaration of Michael J. McGuire, one of Defendant's attorneys, stating that "[i]n California, jury verdicts in insurance bad faith cases for punitive damages frequently exceed the $75,000 amount in controversy. Furthermore, punitive damages may be based on a defendant's wealth. In light of these standards for calculating punitive damages, State Farm's financial exposure based on Plaintiff's demand for punitive damages, alone, is likely to be greater than $75,000." McGuire Decl. ¶ 5. Further, McGuire asserted that if Plaintiff recovered $58,000 in contractual damages, and if the attorney's fees were one third of that amount, the amount of controversy would exceed $75,000.

Plaintiff relies heavily on *Valdez v. Allstate*, 372 F.3d 1115 (9th Cir. 2004) to argue that these statements are too conclusory, but that case is distinguishable. In *Valdez*, also an insurance-related dispute, the complaint sought "general damages in a sum in excess of $50,000," attorney's fees pursuant to an Arizona statute, and "such other and further relief as the Court deems just and proper." *Id.* at 1116. The removing defendant's only effort to meet its burden was to state in its "Petition for Removal" that "upon information and belief, [it] submit[s] that the amount in controversy . . . exceeds $75,000." The Ninth Circuit pointed out that "information and belief" hardly constitutes proof by a preponderance of the evidence. *Id.* at 117. It also noted that "the parties need not predict the trier of fact's eventual award with one hundred percent accuracy. . . . Instead . . . we have endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* (internal quotation marks and citations omitted.)

Here, the Defendant has supplied a declaration asserting the general fact that juries in California have frequently awarded punitive damages greater than $75,000 in insurance bad faith cases. Although Defendant did not cite to insurance bad faith cases such as this one, the Court finds that it is more likely than not that if Plaintiff prevails on its second claim for relief it will be awarded punitive damages greater than the $17,000 gap between the $58,000 it seeks explicitly in its Complaint and the $75,000 threshold. Any amount less than that almost certainly would not achieve the Plaintiff's goal of

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01219 AHM (MANx) | Date | March 19, 2009 |
|---|---|---|---|
| Title | BIX INDUSTRIES v. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. | | |

"punish[ing] defendant and set[ting] an example for others."[1]

    Because the Court finds that Defendant has met its burden based on McGuire's declaration, it need not decide whether attorney's fees can be considered in a case like this one, or whether Defendant must be granted the right to discover the fees at stake in this case.

    For the reasons stated above, the Court DENIES the Plaintiff's request to remand this case to state court.[2]  In light of this order, the Court vacates as moot the March 23, 2009 Order to Show Cause hearing.

    No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |
|---|---|
| Initials of Preparer | SMO |

---

[1] For these reasons, this matter is also distinguishable from *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089 (9th Cir. 2003) (insufficient proof of amount of controversy where Complaint sough "in excess" of $10,000 for economic loss, "in excess" of $10,000 for emotional distress, and "in excess" of $10,000 for punitive damages).

[2] Docket No. 14.